May Term, 1841.

SUMNER
v.
THE STATE.

---

SUMNER *v.* THE STATE.

The refusal of the Court to change the venue in a criminal case cannot be assigned for error.

If the jury in making up their minds from circumstantial evidence, in a capital case, have a rational doubt as to the existence of any one of the material circumstances attempted to be proved, that circumstance ought not to have any influence with them in forming their opinion respecting the guilt or innocence of the defendant.

May Term,  Although the jury in such case believe from the evidence, that *it was pos-*
1841.        *sible* that some other person than the defendant committed the crime, it
                does not necessarily follow that there must be a verdict of acquittal.

SUMNER    Circumstantial evidence in such case to be sufficient for a conviction, should
v.             tend to exclude every supposition inconsistent with the defendant's guilt.
THE STATE.  Although the evidence in such case may not be sufficient to produce, on the
                minds of the jury, an absolute certainty of the defendant's guilt, nor to
                prove that he had any motive to commit the crime charged, yet it may be
                sufficient to satisfy the jury, beyond a reasonable doubt, that he was guil-
                ty, and justify a verdict against him.
           It is a sufficient objection to an instruction to the jury, that it might convey
                to the mind of any man of ordinary capacity an incorrect view of the law
                applicable to the cause.

*Monday,*      ERROR to the *Jackson* Circuit Court.
*June 7.*       BLACKFORD, J.—Indictment against the defendant below
for the murder of his wife.  Plea, not guilty.  Petition for a
change of venue refused.  Verdict for the state.  Motion for
a new trial overruled, and judgment on the verdict.

The errors assigned are, 1. That the defendant's petition
for a change of venue should have been granted; 2. That
certain instructions to the jury asked for by the defendant
and refused, ought to have been given.

It has been decided at this term, in a case like the present,
that the refusal of the Court to change the venue cannot be
assigned for error.  *Findley* v. *The State.*

In examining the second error assigned, it must be noticed
that the evidence is all circumstantial.  The following is the
first instruction refused: " Every circumstance material in
this case must also be proved beyond a rational doubt, or it
is the duty of the jury to discard such circumstance in ma-
king up their verdict."  This instruction ought to have been
given.  We think that if the jury, in making up their minds
from circumstantial evidence, have a rational doubt as to the
existence of any one of the material circumstances attempted
to be proved, that circumstance ought not to have any influ-
ence with them in forming their opinion respecting the guilt
or innocence of the defendant; or, in the language of the in-
struction asked, the jury ought, in such case, "to discard
such circumstance in making up their verdict."  Mr. *Starkie*
says that it appears to be essential to circumstantial proof,
that the circumstances from which the conclusion is drawn
should be fully established.  If the basis be unsound, the

May Term,
1841.

SUMNER
v.
THE STATE.

superstructure cannot be secure. The party upon whom the burthen of proof rests, is bound to prove every single circumstance which is essential to the conclusion, in the same manner and to the same extent as if the whole issue had rested upon the proof of each individual and essential circumstance. 1 Stark. Ev. 571. These remarks are evidently correct; and they show that the instruction under consideration ought to have been given.

The following is the second instruction refused: "If the jury believe, from all the circumstances proved in the case, that a person other than the defendant *might* have murdered the wife of the defendant, or she *might* have destroyed her own life, and all such circumstances thus proved would be consistent with such a supposition, they ought to find their verdict in favour of the defendant, although they might believe the defendant more likely to be the murderer than any other person." There may be some doubt as to the exact meaning of this instruction. If it mean, that if the jury believed from the evidence, that *it was possible* some other person than the defendant committed the murder, they ought to find for him, no matter how strong, consistent with such possibility, the evidence might be for the state, the instruction was correctly refused. It appears to us that the instruction is so worded, that the jury might have understood it in the sense which we have mentioned, and in which it is objectionable.

The following is the third instruction refused: " Circumstantial evidence to be sufficient for a conviction in this case, ought to be of a conclusive tendency; that is, its tendency ought to be not only to convince the minds of the jury of the guilt of the defendant, but to exclude the supposition either that the deceased destroyed her own life, or that a person other than the defendant committed the murder." Considering this instruction to mean, that the evidence in the case should tend to convince the jury of the defendant's guilt, and to exclude every supposition inconsistent with his guilt, there is no reason that the state should object to it.

The last instruction refused is as follows: " In cases of alleged murder proved alone by circumstances, if those circumstances are not *conclusive* as to the guilt of the defendant,

there ought to be a motive, and that a strong one, proved, which might have impelled the defendant to commit the act; and if such proof is not made, the jury ought to acquit the defendant." We think the jury might have understood, by this instruction, that if the evidence did not show the defendant's guilt with absolute certainty, they must acquit him, unless there was proof that he had a strong motive to commit the murder. And if the instruction might be so understood by the jury, it was rightly refused. We consider the following language on the subject, by the writer to whom we have already referred, as correct.—"The legal test is the sufficiency of the evidence to satisfy the understanding and conscience of the jury. On the one hand, absolute, metaphysical, and demonstrative certainty, is not essential to proof by circumstances. It is sufficient if they produce moral certainty to the exclusion of every reasonable doubt." 1 Stark. Ev. 577. It is easy to conceive that the evidence in the case now before us, might not be sufficient to produce, on the minds of the jury, an absolute certainty of the defendant's guilt, nor to prove that he had any motive to commit the crime charged, and yet it might be strong enough to satisfy the jury, beyond a reasonable doubt, that he was guilty. It appears to us, therefore, that there was no error in refusing this instruction.

We have not considered how the second and last of these instructions would be understood by a member of the legal profession, as it is a sufficient objection to them, that they might convey to the mind of an unprofessional man of ordinary capacity, an incorrect view of the law applicable to the cause.

The record shows that a general charge was given to the jury, but we are not informed what it was.

*Per Curiam.*—The judgment is reversed, and the verdict set aside Cause remanded, &c.

*W. Quarles, J. G. Marshall,* and *A. M. Brown,* for the plaintiff.

*H. O'Neal,* for the state.