CLYDE B. JOHNSTON *v.* VERA ELNORA PHELPS.

[No. 971A183. Filed November 9, 1972.]

*Denton, Gerling, Grove & Moore,* of Evansville, for appellant.

*Gerlad G. Fuchs, Robert L. Simpkins,* of Evansville, *John L. Sanders,* of Evansville, *James D. Lopp,* of Evansville, for appellee.

LOWDERMILK, J.—The issues in this cause were formed by the complaint of the plaintiff-appellee, who alleged that defendant-appellant was the father of a child born out of wedlock and sought to compel support of said child by defendant-appellant under the provisions of IC 31-4-1-9, *et seq.,* Ind. Ann. Stat. § 3-631 (Burns 1968 Replacement). Trial was held in the Vanderburgh Superior Court, Juvenile Division, before the Juvenile Referee and taken under advisement by the said Juvenile Referee.

This is an appeal from a judgment for the plaintiff-appellee, Vera Phelps, awarding expenses and support for a child born out of wedlock and fathered by the defendant-appellant, Clyde Johnston. Appellant does not question the merits of the case and is appealing on technical grounds only.

Defendant-appellant, in his motion to correct errors, combined in argument specifications 1 and 2 thereof, which read as follows, to-wit:

"1. That the Juvenile Referee did not have jurisdiction of the subject matter in this action for the reason that while Burns Indiana Statutes Annotated Section 3-632 confers jurisdiction of matters concerning children born out of wedlock upon the Courts of the State having juvenile jurisdiction, the Court has not prescribed in its order that the Juvenile Referee in this cause shall perform the duty of hearing actions concerning children [born] out of wedlock. While the Juvenile Court has jurisdiction of an action concerning children born out of wedlock, the Juvenile Referee herein has no jurisdiction to hear the subject matter of this cause. See Exhibit A and Exhibit B.

"2. The decision of the Court and/or the finding of the Juvenile Referee is contrary to law for the reasons set forth in Paragraph 1 hereof."

We shall treat these specifications as one in this opinion.

In this combined specification defendant-appellant contends that the Juvenile Referee who heard the trial of this cause did not have subject matter jurisdiction. The jurisdictional section of the statute concerning children born out of wedlock is set out in IC 31-4-1-10, Ind. Ann. Stat. § 3-632 (Burns 1968 Replacement), which reads as follows:

"Jurisdiction and venue—Nonresidents.—The jurisdiction to hear and determine all actions brought pursuant to Article 2 of Part II of this act is hereby conferred upon the several courts of the state having juvenile jurisdiction in the respective counties. Such actions may be commenced in the county where the mother or child resides or is found, or in the county where the alleged father resides or is found. The fact that the child was born outside the state of Indiana, or that either the mother or child or both may not be residents of the state of Indiana, shall in no event be a bar to any such action."

"Compiler's Note. Part II, Acts 1941, ch. 112, contained no Article 2. Part II appears herein as §§ 3-624—3-629. This section probably intended to refer to Article 2, Part III which appears herein as §§ 3-631—3-645."

We, like the compiler of the notes to the statute, *supra,* are of the opinion that there was either a mistake made in the final draft of the paternity statute or by the printer. ■ It is a matter of common sense that there being no Article 2 of Part II and there is an Article 2 of Part III which, when read, is logical in its sequence and meaningful to lawyers and the courts, that the duty devolves upon the courts to construe the statute akin to the compiler's footnote. It is our further opinion that to refuse such construction would be to flaunt the Legislature and work a great hardship on persons who would necessarily not have their day in court because of such error until such time that the Legislature could correct and amend the paternity statute.

This statute conclusively gives jurisdiction to the Juvenile Court to hear actions brought under the sections enumerated in Burns § 3-632.

The Vanderburgh Juvenile Court was created by statute IC 33-5-43-5, Ind. Ann. Stat. § 4-2965 (Burns 1971 Replacement) :

"Juvenile and probate jurisdiction.—The court and the judges thereof shall have and possess, within and for· said county, all the powers and duties now conferred on the juvenile court and Vanderburgh Probate Court and the judge thereof, and said court shall have exclusive jurisdiction in all matters relating to children, including all cases of delinquent, neglected and dependent children, and in all cases wherein the custody and legal punishment of children is in question, and in all cases wherein persons are charged with contributing to or encouraging juvenile delinquency, and all such matters now pending in the juvenile courts or Vanderburgh Probate Court shall be transferred to the court when established, and the court and the judges thereof shall be governed by the laws pertaining to the juvenile courts of this state."

Children born out of wedlock cases are juvenile matters, as set out in Burns § 3-632, *supra,* and should be heard in the Juvenile Courts.

The Vanderburgh Superior Court has the power to appoint Juvenile Referees under IC 33-5-43-9, Ind. Ann. Stat. § 4-2969 (Burns 1971 Replacement), which reads, in part, as follows:

"Probate commissioner, juvenile referee—Powers and duties—Administrative personnel.—The court may appoint a probate commissioner, and a juvenile referee, who may be the same person, and such other personnel, including but not limited to, an administrative officer who shall operate under the jurisdiction of the presiding judge, as shall in the opinion of the court be necessary to facilitate and transact the business of the court, whose salaries and time of payment thereof shall be fixed by the court and to be paid out of the county treasury, and be entered of record. The court shall certify a copy of such order to the county auditor, who shall draw his warrant for the payment of such salaries at the times and in the amounts in said record set forth. The officers and persons so appointed shall perform such duties as are prescribed by the court.

\* \* \*

"The juvenile referee so appointed by the court may be vested by said Court with all suitable powers for the handling and management of the juvenile matters of the court, including the fixing of bonds, the taking and hearing of evidence on or concerning any juvenile matters in litigation before the court, the enforcement of court rules and regulations, the making of reports to the court concerning his doings in the above premises, all of such matters, nevertheless, to be under final jurisdiction and decision of the judges of said court.

\* \* \*"

The Referee who heard this action was duly appointed and took the oath of office as required by statute.

Defendant-appellant contends that the statutes do not extend jurisdiction to the Vanderburgh Superior Court to hear actions arising under children born out of wedlock statutes as the Vanderburgh statute makes no mention of children born out of wedlock. Defendant-appellant contends that Lake and Marion Counties have been given specific authority to hear such actions, but Vanderburgh County has not. Defendant-appellant argues that Burns § 3-632, *supra,* does not concern the same subject matter that the Juvenile

Court is authorized to hear, except that both concern children. The defendant-appellant further contends that the Juvenile Court is concerned only in dealing with delinquent, dependent and neglected children, but not paternity actions.

Plaintiff-appellee contends that the Juvenile Court is the proper forum to hear children born out of wedlock cases. Appellee points out that Burns § 4-2965, *supra,* gives the court "exclusive jurisdiction of all matters relating to children" and includes delinquent, neglected and dependent children, but does not exclude paternity actions.

Burns § 3-632, *supra,* the children born out of wedlock statute, confers jurisdiction "upon the several courts of the state having juvenile jurisdiction in the respective counties." Vanderburgh County falls within this statutory classification. It must be pointed out that specification 1 of appellant's motion to correct errors states: "While the Juvenile Court has jurisdiction of an action concerning children born out of wedlock, . . . the Juvenile Referee herein has no jurisdiction to hear the subject matter in this cause."

This presents the question of whether the Juvenile Referee has the authority to hear such actions. Defendant-appellant contends that the Vanderburgh Superior Court has not given the Juvenile Referee specific authority to hear paternity actions.

However, it must be noted that Burns § 4-2969, *supra,* concerning the appointment and powers of Juvenile Referees, states that the Juvenile Referee will be given suitable powers for the handling and management of juvenile matters, including the taking and hearing of evidence on or concerning any juvenile matter in litigation before the court, and the Juvenile Referee must make reports of all matters to the judges of the court. The words "juvenile matters" referred to in the statute, § 4-2969, *supra,* would give the Referee authority to hear actions such as the one in the case at bar, as children born out of wedlock actions are, by statute, to be heard in the Juvenile Court and are, thus,

juvenile matters. While the statute has not given the Juvenile Referee specific power to hear children born out of wedlock cases, it did not bar him from hearing such cases. We have determined that the Referee has power to hear all juvenile matters and that children born out of wedlock cases are juvenile matters, pursuant to Burns § 3-632, *supra*.

Appellant argues under specification 3 of his motion to correct errors:

"3. That the decision of the Court and/or the finding of the Juvenile Referee is contrary to law for the reason that the said Juvenile Referee did not make findings which were presented to the Court and said decision is the decision of the Juvenile Referee and not the Court."

The record discloses that findings were made on June 4, 1971, finding defendant-appellant the father of a child born out of wedlock to the plaintiff-appellee and a finding for expenses and weekly support for the infant, signed by James W. Angermeier, Juvenile Referee.

On the same date and in addition thereto, and the same being a part thereof, the trial judge showed a consideration of the recommended findings of the Juvenile Referee and entered judgment thereon, adopting the Referee's findings. This is one complete entry and executed by Benjamin E. Buente, Judge, Vanderburgh Juvenile Court.

The Vanderburgh Superior Court (of which the Vanderburgh Juvenile Court is a part) by its clerk, affixed its certification on said entry on January 26, 1972, certifying the record made and entered in this cause on June 4, 1970 (we must conclude that the year "1970" was an error of the scrivener and was intended to be "1971").

The entry above referred to bears a file mark of the Juvenile Court as of June 4, 1971.

Defendant-appellant, in his brief and also in oral argument, stated that he did not raise any question as to the validity and correctness of the findings of the Referee finding

him to be the father of the child born out of wedlock to the plaintiff-appellee.

This being the case, together with the further fact that the Referee did have jurisdiction to hear this matter and submit his findings to the court, together with the fact that the same was done and the court adopted the Referee's findings as his own, entered a judgment thereon and spread the findings and judgment of record on the order book of that court, constituted a final judgment as to the paternity of the child after the expiration of ninety days from the judgment.

The Vanderburgh Superior Court (formerly Probate Court) is a court of record.

"A court speaks only by its record, which is its order book, and the records of the court import absolute verity which cannot be contradicted by parol testimony." I.L.E., Vol. 7, Courts, § 84.

It is stated, in the case of State ex rel. Taylor v. Offutt, J., etc. et al. (1956), 235 Ind. 552, 556, 135 N.E.2d 241:

". . . We do not believe relator's contention is material, but in any event we should not consider matter foreign to the record, as it is well settled a court speaks only by its record, which is its order book, and the order book entries are not dependent for their stability or validity on outside memoranda. Cook v. State (1941), 219 Ind. 234, 37 N.E.2d 63." Cook v. State (1941), 219 Ind. 234, 37 N.E.2d 63; Pearman v. State (1954), 233 Ind. 111, 117 N.E.2d 362.

Defendant-appellant contends that a nunc pro tunc entry was made in this cause that requires a reversal of this judgment. In fact, this court granted a writ of certiorari to correct the record. The corrected record reads verbatim as the original record and the findings are signed by James W. Angermeier and the regular judge's adoption of the findings and judgment thereon is signed by Judge Benjamin E. Buente and the only change is the addition of a file mark thereon showing a filing date of September 14, 1971.

Defendant-appellant contends that the September 14 judgment is the only judgment in this cause. With that we disagree. However, if it were the only judgment defendant-appellant would be estopped to object thereto under Rule TR. 53.1(A), as interpreted by Justice Prentice of our Supreme Court in *Jolly* v. *Modisett* (1971), 257 Ind. 426, 275 N.E.2d 780.

There being no error in the record the judgment of the trial court is hereby affirmed.

Robertson, P.J. and Lybrook, J. concur.

NOTE.—Reported at 288 N.E.2d 782.