**Ralph PAGE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1185 S 484.**

Supreme Court of Indiana.

Feb. 9, 1988.

Rehearing Denied April 13, 1988.

James W. Boswell, William G. Smock, Public Defenders Office, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Murder, for which he received the presumptive term of forty (40) years imprisonment, which was enhanced by an additional twenty (20) years by reason of aggravating circumstances. In addition, the jury found appellant to be an habitual offender. By reason of that status, the court further enhanced the sentence by thirty (30) years, giving a total of ninety (90) years to be served.

The facts are: On June 15, 1984, at approximately 11:30 p.m., appellant and his girl friend, Sandra Hammock, entered the Wagon Wheel Lounge in Terre Haute, Indiana. A country and western band, the Southern Breeze, was playing in the tavern

that evening. Harold Rogers, a Terre Haute police officer, was a member of the band.

Sometime during the evening, appellant's sister-in-law, Rosalie Page, came into the bar. Appellant and Rosalie argued and appellant tore her blouse when he lifted her. Cindy Jones, the tavern proprietor, admonished appellant that she did not want any trouble in her bar. Rosalie departed the tavern. Appellant then approached Jones and apologized for his conduct whereupon Sandra Hammock chastised appellant for apologizing, telling him "you don't [owe] anybody any explanation." For some reason, this caused appellant to draw a long-barrelled handgun and point it at Jones' face saying, "[W]ould you like to have a piece of this?" Jones pushed the barrel away from her face and told Page, "[I]f you don't put that thing away, I'm going to have to call somebody."

Appellant then took the weapon in both hands, spread his legs apart and aimed at the front door and stated, "Do you know what a powerful weapon this is? Well, go ahead and call them. There's enough here for everybody!" Appellant then fired a shot into a table and another shot into the ceiling.

Officer Rogers, who was on the stage putting equipment away, obtained his handgun and shouted at appellant, "Drop it, police." However, appellant did not drop his weapon and an exchange of gunfire ensued which resulted in Officer Rogers being shot between the eyes and killed by appellant and Sandra Hammock being shot and killed by a bullet from Officer Rogers' gun.

Appellant carried Hammock's body to his brother's automobile parked in the parking lot. They first drove to his brother's mobile home, then to the Old Soldiers' Cemetery at Universal, Indiana, where they dug a shallow grave and buried Hammock's body. Prior to burial, they stripped Hammock's body of bloody clothing and disposed of the clothing in a strip mine pit.

Appellant claims there was insufficient evidence of probative value to sustain the judgment of the trial court on all the essential elements of the charge of Murder of a Law Enforcement Officer Acting in the Course of his Duties. Appellant takes the position that the evidence in the case shows that he was acting in self-defense and thus was not guilty of murder. He takes the position that he had no reason to believe Rogers was a law enforcement officer because he was in plain clothes and was a musician in the band. He points out that Rogers was dressed in a T-shirt and blue jeans. He states he had every reason to believe he was being attacked by a musician in the band and had a right to defend himself from such attack.

The jury had before it the fact that appellant first had threatened Jones with the gun then, when she advised him she would call authorities, he took a belligerent, deliberate stance, pointed his gun toward the door and challenged her to call authorities. He then fired a shot into a table and another shot into the ceiling. It was at this point that he was confronted by Rogers with the order, "Drop it, police."

We cannot accept appellant's position as tenable that he did not know Rogers was a police officer because he was not in uniform. All law enforcement agencies have many plain clothes officers in the field at all times. They are entitled to the same respect and protection as uniformed police officers once they make it known to those involved that they are in fact police officers. Once Rogers identified himself as a police officer and ordered appellant to drop his weapon, he had no acceptable alternative but to do so. It is totally unacceptable to entertain the defense of self-defense by one engaged in crime when confronted by a police officer.

The key question of fact in this case for the determination of the jury was whether or not appellant was informed that Rogers was a police officer. Their verdict of guilty resolves that question against appellant. There is ample evidence in this record to support the jury's verdict. *See Green v. State* (1982), Ind., 438 N.E.2d 266.

Appellant claims the trial court erred by allowing into evidence the photo-

graph of Hammock's body lying in the shallow grave. Appellant takes the position that the death of Hammock was not his doing and was totally irrelevant to the charge of murdering Officer Rogers. He cites *Kiefer v. State* (1958), 239 Ind. 103, 153 N.E.2d 899, for the proposition that when a gruesome picture is not relevant to the facts to be established in the case it is error to admit it into evidence.

The State argues that the fact appellant fled the scene with Hammock's body, stripped it of clothing, threw the clothing in a strip mine pit, and then buried her body is all evidence tending to establish the fact that appellant was fleeing from the crime and attempting to hide his guilt. This Court has previously held that evidence of flight from the scene of a crime is admissible. *Engle v. State* (1984), Ind., 467 N.E.2d 712. We agree with the State that the evidence was admissible for this purpose.

We would further point out that the photograph was not particularly gruesome. It is barely discernible that a human body is in the picture, it is unidentifiable and the wound causing her death is not visible. The trial court did not err in admitting the photograph into evidence.

■ Appellant claims the trial court erred in admitting into evidence State's Exhibits Nos. 21, 25 and 26. These three exhibits depict the body of Officer Rogers. Exhibit 21 is a close-up photograph of Officer Rogers' head showing a bullet wound just medial his right eye. Exhibits 25 and 26 are pictures of Officer Rogers lying on the floor of the tavern. Appellant takes the position that since he admitted the shooting but was claiming self-defense there was no reason to show the picture of the bullet wound in the officer's head, nor was there any reason to show his body lying on the tavern floor. The photographs showing the officer lying on the floor were properly placed in evidence to enable the jury to better understand the surroundings in which the shootings occurred.

The close-up of Officer Rogers' head showing the gunshot wound is supportive of the testimony of Dr. Tom Ferguson, Vigo County coroner, who testified as to the cause of death of Officer Rogers and

identified Exhibit 21 as correctly depicting the head of Harold Rogers and the wound which caused his death. The fact that appellant was pleading self-defense does not prevent the State from establishing the *corpus delicti*. In *Shelton v. State* (1986), Ind., 490 N.E.2d 738, Chief Justice Shepard observed:

"While it is true that the photograph of the victim before her death could well have highlighted the brutality of shooting a young woman in the head and leaving her body in a soybean field, perpetrators of such acts are not entitled to have their deeds completely sanitized when evidence is submitted to a jury." *Id.* at 742–43.

The trial court did not commit error in admitting the three exhibits into evidence.

■ Appellant claims the trial court erred by failing to give his Tendered Instruction No. 9 which addressed the subject of self-defense. The court's Final Instruction No. 22 addressed that subject as did the court's Final Instruction No. 28. Appellant claims the court's instructions did not specifically note that the circumstances must be viewed from the defendant's perspective. However, in the court's Final Instruction 22, there is a statement "only if he reasonably believes that that force is necessary...." The instruction further advised the jury that they must determine whether appellant, under the circumstances he faced, had a reasonable belief that deadly force was necessary.

When the court's instructions are read together, they adequately cover the statements made in appellant's Tendered Instruction No. 9. It was therefore not error for the trial court to refuse to give appellant's Tendered Instruction No. 9. *Warren v. State* (1984), Ind., 470 N.E.2d 342.

■ Appellant claims the trial court erred in failing to give his Tendered Instruction No. 6 which purports to instruct the jury on the use of circumstantial evidence; the State, however, correctly points out that this is not a case of circumstantial evidence. There were many witnesses to the shooting, and in fact appellant admits that he committed the shooting. There was direct evidence that Officer Rogers

 

identified himself as a police officer. The entire case turned upon the jury's weighing of the direct evidence which they received. It thus was not error to refuse to give an instruction on circumstantial evidence. *Murray v. State* (1985), Ind., 479 N.E.2d 1283.

Appellant claims the trial court erred in giving him a total of ninety (90) years incarceration. He argues that the trial court was not justified in enhancing the presumptive forty (40) year sentence for murder by twenty (20) years for aggravating circumstances, then using the same circumstances in part to find him to be an habitual offender and thus further enhance the sentence by thirty (30) years. He argues that this constitutes double jeopardy. This same argument has been used previously in several cases.

In *Woodson v. State* (1984), Ind., 466 N.E.2d 432, this Court held that it was proper to enhance a term of imprisonment for aggravating circumstances and sentence the individual as an habitual offender. This Court will not override the sentence of the trial court unless it is manifestly unreasonable. *See Minneman v. State* (1984), Ind., 466 N.E.2d 438, *cert. denied* (1985), 470 U.S. 1030, 105 S.Ct. 1402, 84 L.Ed.2d 789.

In addition to the fact that appellant had a prior record, the trial court observed in its finding that he was a dangerous man as shown by his history of violent acts against others as well as his conduct displayed in the Wagon Wheel Tavern during the commission of the instant crime. The trial court further held that appellant showed little remorse and that the sentence was also being enhanced because of the nature of the offense. From the facts presented in this record, we see nothing unreasonable in the sentence imposed by the trial court.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.