Roy  D.  NICHOLS,  Appellant
(Defendant  Below),

v.

STATE  of  Indiana,  Appellee
(Plaintiff  Below).

No.  71S03–9204–CR–312.

Supreme  Court  of  Indiana.

April  27,  1992.

Anthony V. Luber, South Bend, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana and Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

■ When the evidence presented to prove a criminal offense is wholly circumstantial, a defendant is entitled to an instruction advising the jury that it must exclude all reasonable hypotheses of innocence in order to convict. We grant transfer to review the definition of "wholly circumstantial evidence."

Roy D. Nichols was convicted of reckless homicide, a class C felony, Ind.Code § 35–42–1–5 (West 1986), and operating a vehicle while intoxicated, a class A misdemeanor, Ind.Code § 9–30–5–2 (West Supp.Pamphlet 1991). The Court of Appeals reversed his convictions and remanded for a new trial, holding that the trial court erred in refusing to give Nichols' tendered instruction on circumstantial evidence. *Nichols v. State*, 585 N.E.2d 313 (Ind.App., 1992) (Ratliff, C.J., dissenting).

The facts favorable to the verdict follow. Early one morning in June 1989, Nichols was driving his car southbound on State Road 23 in St. Joseph County. He crossed the center line, forced one northbound vehicle to leave the road to avoid an accident, and had a nearly head-on collision with a second northbound vehicle in the northbound lane. The driver of this vehicle was killed. Nichols was intoxicated at the time of the accident. Nichols suggested at trial that someone else was driving, and he was just a passenger. A police officer testified Nichols told him at the scene that his sister was driving the car at the time of the accident. Nichols did not present any testimony to establish that his sister was driving. The prosecution called Nichols' sisters, all four of whom said they were not driving and were not even in the car the night of the accident.

### I. Instruction on Circumstantial Evidence

■ Nichols argues the trial court erred in refusing to give his tendered instruction on circumstantial evidence:

When the evidence before the jury is entirely circumstantial, as in the case before us, certain rules have been established for the jury's guidance. It is not enough that the circumstances be consistent with the hypothesis of guilt. They must be so conclusive a character and point so surely and unerringly to the guilt of the accused as to exclude every reasonable hypothesis of his innocence. In consideration of cases which rest wholly upon circumstantial evidence, each case must be acted upon wholly by itself, and the result is to be determined from the circumstances peculiar to it. But all of the circumstances as proved must be consistent with each other, and, taken together, they must point surely and unerringly in the direction of guilt.

Record at 94. The trial court refused this instruction on the basis that the evidence presented to the jury was not entirely circumstantial.

■ When reviewing the refusal of a tendered instruction, we determine: 1) whether the tendered instruction correctly states the law; 2) whether there was evidence in the record to support the giving of the instruction; and 3) whether the sub-

stance of the tendered instruction is covered by other instructions which were given. *Coates v. State* (1989), Ind., 534 N.E.2d 1087.

Nichols' instruction is not necessarily an incorrect statement of the law, although it contains some extraneous language and is potentially confusing. We recommend Indiana Pattern Jury Instruction 12.01 (Criminal) (1991 Edition) as a clear and concise instruction on the law regarding circumstantial evidence.

■ The thrust of Nichols' instruction is correct: when the evidence before the jury is solely circumstantial, the proof of guilt must exclude every reasonable hypothesis of innocence. Such instructions have been approved for over 150 years. *See Sumner v. State* (1841), 5 Blackf. 579. It is simply a way of restating the "proof beyond reasonable doubt" standard, reiterating the magnitude of the standard to juries when the evidence before them is purely circumstantial. *United States v. Richardson*, 562 F.2d 476 (7th Cir.1977). The instruction is required only if the evidence presented at trial was solely circumstantial. *See, e.g., Armour v. State* (1985), Ind., 479 N.E.2d 1294.

The tendered instruction was not an incorrect statement of the law. The subject was not covered by other instructions given to the jury. The remaining question is whether the evidence in the record supported giving this instruction. Nichols contends the evidence was all circumstantial, while the State maintains there was both direct and circumstantial evidence presented at trial.

■ Direct evidence immediately establishes the main fact to be proved; circumstantial evidence immediately establishes collateral facts from which the main fact may be inferred. HERRICK, UNDERHILL'S CRIMINAL EVIDENCE § 15 (1970 Supp.). It is difficult to define the concepts with much more specificity, but a look at our prior cases will help illustrate what evidence is considered direct and what is considered circumstantial.

In cases based solely on circumstantial evidence, there are generally no witnesses to the alleged crime. For example, we concluded that a conviction for involuntary manslaughter was based wholly on circumstantial evidence when the evidence showed only that the defendant had a history of physical and verbal assaults upon the victim and was seen slapping her a few minutes before her deadly fall. The victim died a few days after her fall, and the defendant left town when he learned she had died. Her death was attributed to blunt-force injuries to the head and body, unlikely to have occurred as a result of the fall. *Hall v. State* (1980), 273 Ind. 507, 405 N.E.2d 530.

We also found that all the evidence was circumstantial in *Spears v. State* (1980), 272 Ind. 634, 401 N.E.2d 331, *reh'g granted*, 272 Ind. 647, 403 N.E.2d 828, *overruled on other grounds, Hicks v. State* (1989), Ind., 544 N.E.2d 500. The only evidence of Spears' guilt was that he had been seen fighting with his wife and the victim at a hotel earlier in the evening. Some time later, the desk attendant heard a loud noise and upon investigation, found the victim laying unconscious in the hallway. The pathologist testified the skull fractures which caused the victim's death were consistent with his head hitting the floor, as distinguished from his head being hit with a fist. *See also Mitchell v. State* (1923), 193 Ind. 1, 138 N.E. 507 (evidence solely circumstantial where footprints led from scene of crime to Mitchell's home, Mitchell owned a gun capable of shooting bullet that killed victim, and there was enmity between Mitchell and victim).

By contrast, prosecutions resting on direct evidence have tended to feature testimony from someone who actually saw the defendant commit the crime. For example, in *Chapman v. State* (1990), Ind., 556 N.E.2d 927, the testimony of a bank teller was considered direct evidence. She saw a person outside the bank shortly before the robbery and identified that person as the robber based on his height, build, and clothing, though he wore a mask during the robbery and she could not see his face while he was in the bank. The defendant's

confession of the crime to a third party was also considered direct evidence. *See also Page v. State* (1988), Ind., 518 N.E.2d 1089 (direct evidence when there were witnesses to the shooting); *Goolsby v. State* (1987), Ind., 517 N.E.2d 54 (direct evidence when victim identified defendant in photographic array and at trial as her attacker); *Roarks v. State* (1983), Ind., 448 N.E.2d 1071 (direct evidence when witnesses at bank identified defendant as the bank robber and defendant made a confession).

In light of the above sampling of cases, we conclude that there was direct as well as circumstantial evidence in this case. Two people saw the collision occur, and they said it occurred in the northbound lane. Only one person was seen in Nichols' car and that person was seen beginning to exit the car through the passenger door seconds after the accident. The driver's door would not open because the car had extensive front end damage. That one person was identified as Nichols. There was also direct evidence of Nichols' state of intoxication. Several officers testified that Nichols was intoxicated at the scene of the accident based upon their direct observations of him immediately after the accident. Nichols smelled of the odor of alcoholic beverages. He was unsteady on his feet, and had bloodshot eyes and slurred speech. A friend of Nichols testified that shortly after the accident Nichols enlisted his help in disposing of an opened case of beer that was in his car. Nichols was overheard calling a friend to come and get him and saying, "*I* have been in an accident."

There was direct evidence of the collision, of Nichols' intoxication, and of Nichols' status as the the lone occupant of the car. There was also circumstantial evidence of Nichols' participation in the crime, such as the presence inside the driver's windshield of hair matching Nichols' hair. Because the evidence introduced at trial was both circumstantial and direct, the trial court appropriately refused Nichols' tendered instruction.

Nichols also presents four other contentions which the Court of Appeals did not address because it reversed on the foregoing issue. We proceed now to consider those claims.

## II. Sufficiency of the Evidence

■■■■ Nichols argues the evidence was insufficient to sustain his conviction for reckless homicide. When reviewing a claim of insufficient evidence, this Court does not reweigh the evidence or judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. We affirm the conviction if, looking to the evidence and reasonable inferences therefrom which support the verdict, there is substantial evidence of probative value to support the conclusion of the trier of fact. *Id.*

Nichols was convicted of recklessly killing another human being. Ind.Code § 35–42–1–5. "A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Ind.Code § 35–41–2–2(c) (West 1986). The evidence showed that Nichols was driving his car on a two-lane road, and for an extended period of time he was driving left of the center line. He ran one vehicle off the road, and still did not recover in time to avoid having a nearly head-on collision with a second northbound car in the northbound lane.

Nichols correctly cites *DeVaney v. State* (1972), 259 Ind. 483, 288 N.E.2d 732, for the proposition that the mere fact that a driver has crossed over the center line does not establish recklessness. In *DeVaney*, however, there were no witnesses to the accident. An accident reconstruction expert testified the accident occurred near the outside edge of the decedent's lane. *Id.* This Court stated the mere fact that defendant crossed the center line while driving could not be considered driving with reckless disregard for the safety of others because such an occurrence could be completely accidental. *Id.* Nichols, however, was seen driving across the center line for an extended period of time and in fact was more than just across the center line according to the testimony of witnesses.

There was also evidence that he was intoxicated at the time of the accident. The victim died as a result of the accident. There was sufficient evidence to sustain Nichols' conviction for reckless homicide. *See Broderick v. State* (1967), 249 Ind. 476, 231 N.E.2d 526 (driving while intoxicated in conjunction with repeated center line crossings sufficient to sustain reckless homicide conviction); *Salrin v. State* (1981), Ind. App., 419 N.E.2d 1351 (evidence sufficient for reckless homicide when defendant was intoxicated and was seen crossing center line more than once).

### III. Communication with Jury

■ Nichols argues the trial court erred when, without first notifying the parties, it responded to a note from the jury by telling the jury to keep deliberating.

The jury began deliberations at approximately 3:30 in the afternoon. Shortly before 8 p.m., the jury sent out a note indicating they had reached a verdict on Count I, but were unable to reach a judgment on all portions of Count II. The court, without discussing the note with counsel, sent back a note at 8:05 that said "your meal is on its way, keep deliberating." At 8:28, the jury sent a note stating they had reached a verdict on both counts. The meal had arrived at that time, and was sent in to them. The trial court explained these events to the parties when they reassembled to hear the jury's verdict, and Nichols objected to the court telling the jury to keep deliberating.

■ "[W]hen jurors request additional guidance from the court, the proper procedure is for the judge to notify the parties so they may be present in court before the judge communicates with the jury, and the parties should be informed of his proposed response to the jury." *Moffatt v. State* (1989), Ind., 542 N.E.2d 971, 974. We will not reverse for improper *ex parte* communication, however, if we are satisfied that no harm or prejudice resulted from the communication. *Id.*

■ The trial court erred in responding to the jury's note without first notifying the parties. We are satisfied, however, that the error was harmless. The trial judge had earlier explained to the jury that he could provide meals for them only while they were engaged in deliberations. When the jury informed the court that they were unable to reach a verdict on Count II, the judge simply told the jury to keep deliberating and that their meal was on the way. This was hardly an "Allen" charge. *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The "Allen" charge cases cited by Nichols are inapplicable.

### IV. Reckless Homicide Instruction

■ Nichols argues the court erred in refusing to instruct the jury that he had to intend his reckless act. Nichols tendered the following instruction: "One must intend to do, or omit to do the act resulting in injury to another in order to be guilty of reckless homicide. Now if you believe the defendant, Roy D. Nichols, did not intentionally commit the act and he was only negligent, then your verdict must be not guilty." He argues he was entitled to an instruction on his theory that if he accidentally crossed the center line and hit the other car he could not be convicted of reckless homicide.

The trial court instructed the jury that Nichols could not be convicted of reckless homicide if the accident which resulted in the victim's death arose out of inadvertence, lack of attention, forgetfulness, thoughtlessness, or an error of judgment on the part of Nichols. The court further instructed the jury that if Nichols was merely negligent, their verdict must be not guilty of reckless homicide. Assuming only for purposes of this discussion that the tendered instruction was a correct statement of the law, its substance was covered by other instructions. It was not error to refuse Nichols' reckless homicide instruction.

### V. Instructions on Presumption of Innocence and Intoxication

Nichols asserts error in two other instructions the trial court gave. He first

argues the court erroneously instructed the jury that the presumption of innocence is not intended to shield the guilty from punishment. Nichols correctly notes that this Court has disapproved the use of a similar instruction. *Spradlin v. State* (1991), Ind., 569 N.E.2d 948, 951 ("We recommend that it not be used in future cases.") At the time of Nichols' trial, however, existing case law approved such instructions. *See Heald v. State* (1986), Ind., 492 N.E.2d 671. It was thus not error for the trial court to give this instruction.

Nichols contends the trial court erred by instructing the jury that a non-expert may give an opinion on intoxication. The instruction is a correct statement of law, *see New v. State* (1970), 254 Ind. 307, 259 N.E.2d 696, and it was not covered by other instructions. There was evidence at trial about Nichols' intoxication offered by lay witnesses. Nichols argues it was erroneous to give this instruction, however, because it placed undue importance on non-expert testimony on intoxication.

Instructing the jury is largely within the trial court's discretion, and we review the trial court's decision only for abuse of that discretion. *Brendel v. State* (1984), Ind., 460 N.E.2d 919. The trial court noted it gave the instruction because there was expert testimony on intoxication, and the jury should know a non-expert could also give an opinion on intoxication. Nichols requested and received an instruction that an expert witness may express his opinion. The trial court did not err in instructing the jury about lay opinion.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.