John Eugene BYRD, a/k/a Merlin Eugene Byrd, a/k/a John Eugene Lambert, Appellant–Defendant Below,

v.

STATE of Indiana, Appellee–Plaintiff Below.

No. 79A04–9006–CR–269.[1]

Court of Appeals of Indiana, Third District.

Dec. 30, 1992.

---

1. This case was diverted to this office by order of the Chief Judge.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Office of Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

John Byrd was convicted of theft and receiving stolen auto parts, Class D felonies.[2] He was also adjudged to be an habitual offender.[3] Byrd presents six issues for appellate review:

I.    Whether the trial court erroneously refused Byrd's tendered instruction on circumstantial evidence.

II.   Whether there is sufficient evidence to support Byrd's convictions of theft and receiving stolen auto parts.

III.  Whether the omission of an instruction specifically setting forth the elements of the charged offenses constitutes fundamental error.

IV.   Whether Byrd was improperly sentenced on both the theft and receiving stolen auto parts convictions.

V.    Whether the trial court erroneously gave the State's Proposed Final Instruction 2 over Byrd's objection.

---

**2.** IND.CODE 35–43–4–2(a); IND.CODE 35–43–4–2.5(c).

**3.** IND.CODE 35–50–2–8.

VI. Whether the trial court improperly sentenced Byrd as an habitual offender.

We reverse.

On July 21, 1986, Carl Hall reported that his 1980 Chevrolet Monte Carlo was missing from the parking lot of the Shrine Club in Lafayette, Indiana. Two days later, Deputy Timothy Holmes of the Russell County (Kansas) Sheriff's Department observed Byrd pumping gasoline into a Monte Carlo with an Indiana license plate. Holmes followed Byrd onto an interstate highway and subsequently discovered—via a computer search—that the license plate number and vehicle description matched that of a vehicle reported as stolen.

Deputy Holmes detained Byrd and requested the vehicle registration; however, Byrd produced none. Byrd explained that his father had purchased the vehicle for him and that he didn't "mess with" registration of the vehicle. During the course of an ensuing police investigation, Byrd's biological and foster fathers denied purchasing the recovered vehicle, which Hall identified as his Monte Carlo.

Byrd was tried and convicted *in absentia.*[4]

## I.

*Circumstantial Evidence Instruction*

■ Byrd challenges the trial court's refusal of Defendant's Proposed Final Instruction One:

"Direct evidence means evidence that directly proves a fact, without an inference, and which in itself, if true, conclusively establishes that fact.

Circumstantial evidence means evidence that proves a fact from which an inference of the existence of another fact may be drawn.

An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts.

It is not necessary that facts be proved by direct evidence. Both direct evidence and circumstantial evidence are acceptable as a means of proof.

However, circumstantial evidence alone will not justify a finding of guilty unless the circumstances are entirely consistent with the Defendant's guilt, wholly inconsistent with any reasonable theory of the Defendant's innocence, and are so convincing as to exclude a reasonable doubt of the Defendant's guilt."

Supp. Record, p. 4.

When reviewing the refusal of a tendered instruction, we consider whether the instruction correctly states the law, whether there was evidentiary support for the instruction and whether the substance of the instruction is covered by other instructions which were given. *Nichols v. State* (1992), Ind., 591 N.E.2d 134, 135–36.

When the evidence presented to prove a criminal offense is entirely circumstantial, a defendant is entitled to an instruction advising the jury that it must exclude all reasonable hypotheses of innocence in order to convict. *Id.* at 135. This advisement—the essence of Byrd's tendered instruction—was not communicated to the jury by any instruction given. Thus, our inquiry is whether the tendered instruction was supported by the evidence, i.e., was the evidence against Byrd wholly circumstantial. *See Chapman v. State* (1990), Ind., 556 N.E.2d 927, 931.

Direct evidence immediately establishes the main fact to be proved while circumstantial evidence immediately establishes collateral facts from which the main fact may be inferred. *Nichols, supra,* at 136.

---

4. Byrd was present at an initial hearing and was advised of his trial date. However, he failed to appear at trial. Record, pp. 112, 115. On September 1, 1989, Byrd appeared before the trial court, having waived extradition from Montana, and was ordered to commence serving his sentence. The State subsequently challenged Byrd's right to appeal his conviction and secured an order from this court dismissing Byrd's appeal. This order was vacated by the Indiana Supreme Court on May 29, 1992, 592 N.E.2d 690.

Prosecutions resting on direct evidence have generally offered testimony from someone who actually saw the defendant commit the crime. *Id.*

Here, the State presented the testimony of four witnesses. Deputy Holmes testified that he observed Byrd driving a 1980 Monte Carlo matching the description of a stolen vehicle. He further testified that Byrd claimed the vehicle had been purchased by his father. Carl Hall identified the recovered vehicle as his and stated that he did not give anyone (other than his daughter) permission to drive it. Keith Lambert and Byron Byrd (Byrd's foster and biological fathers) each denied purchasing a vehicle for Byrd.

There is no *direct* evidence as to how Byrd came into possession of the vehicle, as the testimony merely establishes that Byrd did not receive the vehicle as a result of the actions of Hall, Lambert or Byron Byrd. The established facts are collateral, supporting an *inference* that Byrd stole the vehicle.

Inasmuch as the evidence presented by the State was entirely circumstantial, Byrd was entitled to an instruction on the exclusion of all reasonable hypotheses of innocence in order to convict. Byrd tendered an appropriate instruction, preserving the error for appellate review. Therefore, his convictions must be reversed.

## II.

### *Sufficiency of the Evidence*

■ Our disposition of the foregoing issue renders our consideration of Byrd's remaining allegations of error unnecessary, with one exception. We consider Byrd's challenge to the sufficiency of the evidence in order to determine whether a retrial is appropriate.

To convict Byrd of the offense of theft, the State was required to show that Byrd "knowingly or intentionally exert[ed] unauthorized control over property of another person with intent to deprive the other person of any part of its value or use." I.C. 35–43–4–2(a).

To convict Byrd of the offense of receiving stolen auto parts, the State was required to show that Byrd "knowingly or intentionally receive[d], retain[ed], or dispose[d] of a motor vehicle or any part of a motor vehicle of another person that has been the subject of theft." I.C. 35–43–4–2.5(c).

■ The unexplained possession of recently stolen property will support a conviction for theft, but not receiving stolen property. To sustain a conviction for the latter, the defendant must have knowledge of the stolen character of the property. *Hunt v. State* (1992), Ind.App., 600 N.E.2d 979, 980. Where the State charges that the defendant received stolen property, proof that the defendant is the actual thief requires acquittal upon the receiving stolen property charge. *Coates v. State* (1967), 249 Ind. 357, 229 N.E.2d 640, 642, *reh. denied; Walden v. State* (1989), Ind.App., 538 N.E.2d 288, 292, *trans. denied; Hunt, supra,* at 980.

Carl Hall related his discovery that his vehicle was missing (without permission) from his employer's parking lot on July 21, 1986. Deputy Holmes testified that he observed Byrd operating a 1980 Monte Carlo on a Kansas highway on July 23, 1986; the vehicle matched a description of Hall's stolen vehicle. Holmes also stated that Byrd initially claimed to own the vehicle, but became uncooperative when Holmes attempted to verify the ownership by contacting Byrd's father. Furthermore, Byrd was unable to produce a vehicle registration at Holmes' request. The circumstances under which Byrd was discovered in possession of the Monte Carlo would support an inference that Byrd stole Hall's vehicle. On the other hand, there is no evidence from which the factfinder might infer that a third party thief was involved or that Byrd knowingly received the stolen vehicle from that third party thief.

■ There exists sufficient evidence having probative value in support of Byrd's conviction of theft, and he may properly be retried upon this charge. However, Byrd was entitled to acquittal upon the charge of receiving stolen property. The trial court improperly entered judgment and sen-

tenced Byrd upon both convictions.[5]

Reversed.

RATLIFF, Senior Judge, and CHEZEM, J., concur.

---

**5.** *See also Howard v. State* (1985), Ind., 481 N.E.2d 1315, 1318 (where multiple charges grow out of the same act and the same facts prove the perpetration of either offense, multiple convictions and sentences cannot stand).