**Cipriano Layton BARAJAS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 79S00–9303–CR–324.

Supreme Court of Indiana.

Jan. 10, 1994.

Charles R. Deets III, Heide Sandy Deets Kennedy Schrader & Antalis, Lafayette, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Poughe, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, Corrupt Business Influence, and Dealing in Cocaine. He received sentences of sixty (60) years, eight (8) years, and twenty (20) years respectively, to be served concurrently.

On June 27, 1984, the victim, Terry Frye, was found shot to death in his home. On June 26, 1984, appellant failed to show up for his regular night shift at the Green Giant factory in Lafayette. After several days of absence, he was terminated by his employer. At the time of the murder, appellant was married to Evangeline Barajas and remained married to her until April 6, 1989, when she obtained a divorce.

However, on August 20, 1988, appellant purportedly entered into a marriage with Laticia Barajas. Over objection by appellant, Laticia was allowed to testify that ap-pellant told her he had killed a man in Lafayette, Indiana.

Appellant claims the trial court erred in requiring him to go to trial for murder, dealing in cocaine, and corrupt business influence by denying his motion for severance of the charges. Ind.Code § 35–34–1–11(a) provides:

"Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses."

The statute goes on to provide that in all other circumstances the trial judge shall have discretion as to whether to sever the charges.

In the case at bar, the murder and the drug charges were intricately connected. The State's theory of the case was that the victim was murdered by appellant because he had not paid for drugs supplied by appellant. The corrupt business influence count was based upon appellant's drug dealing and his commerce with those who sold drugs on the street for him. Under the circumstances, we see no abuse of the trial court's discretion in determining that the charges should not be severed. *See Moore v. State* (1989), Ind., 545 N.E.2d 828.

In *Lannan v. State* (1992), Ind., 600 N.E.2d 1334, this Court adopted the Federal Rules of Evidence 404(b), which provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...."

Under this proposition of law, appellant's activities in drug dealing would have been admissible in the State's case in establishing his guilt on the murder charge. It therefore cannot be said that he suffered harm by the court's refusal to sever the charges.

Appellant contends the trial court erred in permitting Laticia Barajas to testify concerning appellant's admissions to her con-

cerning the homicide. Appellant argues that inasmuch as Laticia was his wife, he was entitled to the spousal privilege preventing her from disclosing communications between them. However, although appellant refers to Laticia as his "second wife," she, in fact, was not his wife. Ind.Code § 31–7–6–2 provides:

"A marriage is void if either party to the marriage had a wife or husband who was living when the marriage was solemnized."

It is obvious from the facts presented in this case that appellant was married to Evangeline at the time he supposedly married Laticia. Therefore, his purported marriage to Laticia is void.

In *Lane v. State* (1977), 266 Ind. 485, 364 N.E.2d 756, this Court stated:

"Our statute refers to husbands and wives as incompetent witnesses, as to communications made to each other. [Citation omitted.] This has been interpreted by case law as being restricted to confidential communications and information gained by reason of the marital relationship. [Citation omitted.] The privilege is accorded only to those who maintain the legal relationship of a man and wife. Our state does not recognize common-law marriage. [Citation omitted.]

'[T]he lofty object of protecting from invasion the sanctity of marital peace is deemed to extend only to those who legally *are* husband and wife, whatever their honest and innocent belief may have been as to the validity of their relationship.' [Citation omitted.]

We refuse to extend this privilege to those not legally husband and wife." *Id.*, 266 Ind. at 490–91, 364 N.E.2d at 760.

The trial court did not err in permitting Laticia to testify.

█ Appellant claims the evidence is insufficient to support the verdict of guilty of murder. He claims the evidence was wholly circumstantial. He points out that the State presented no eyewitnesses to the murder and that there was no physical evidence linking him to the crime. However, appellant is in error when he states the evidence was "entirely circumstantial."

A great bulk of the evidence was circumstantial in that it consisted of prior threats by appellant to kill the decedent, one instance when appellant invaded decedent's home and attacked decedent's wife, and statements to others that he intended to kill the decedent because of his non-payment of his drug debt.

In *Stahl v. State* (1993), Ind., 616 N.E.2d 9, this Court held that it was not reversible error to refuse to give an instruction on circumstantial evidence when there was both circumstantial and direct evidence of appellant's guilt. In the case at bar, not only was the testimony of Laticia direct evidence of appellant's guilt, but in addition, Jeff Albaugh, who had been a cellmate of appellant following his arrest on the instant charge, testified that because he had some knowledge of the murder of the victim in this case, he entertained the belief that appellant had killed the wrong person.

He was under the opinion that the victim's brother, Kent Frye, together with another person were responsible for the wrongful appropriation of money due appellant. When Albaugh made this observation to appellant, appellant replied: "Well, if Kent Frye would have been there, I would have killed him, too." Although this was not a statement by appellant that he had killed the decedent, it certainly was a statement that strongly implied that he had done so. This also constituted direct evidence of appellant's guilt. There is ample evidence in this record to support the conviction for murder.

█ Appellant contends he was deprived of a fair trial in that his counsel failed to request an instruction concerning the law of circumstantial evidence. Even had counsel tendered such an instruction, it would have been proper for the trial court to refuse to give it. *Id.* Failure to tender such an instruction thus was not error and did not result in prejudice to appellant. *See Hunter v. State* (1991), Ind., 578 N.E.2d 353.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON and SULLIVAN, JJ., concur.

DeBRULER, J., concurs with separate opinion in which SHEPARD, C.J., concurs.

DeBRULER, Justice, concurring with opinion.

Appellant raises the issue of severance of the murder and drug charges, claiming that the trial court improperly refused to separate the offenses. Indiana law allows the joinder of distinct offenses, where the offenses "are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." Ind.Code § 35–34–1–9. A trial court has the discretion to grant a separate trial for joined offenses that are not of the same or similar character whenever the court determines that severance is appropriate. A defendant must move for severance of crimes before the commencement of trial. I.C. § 35–34–1–12(a). When determining the appropriateness of a severance motion, a trial court weighs factors such as the number of offenses charged, the complexity of the evidence to be offered, and whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense. I.C. § 35–34–1–11(a).

Indiana law requires that a defendant reassert a motion for severance to preserve any error for appeal. I.C. § 35–34–1–12(b) reads:

> If a defendant's pretrial motion for severance of offenses or motion for a separate trial is overruled, the motion may be renewed on the same grounds before or at the close of all the evidence during trial. *The right to severance of offenses or separate trial is waived by failure to renew the motion.*

(Emphasis added). In order to preserve the issue for appeal, a criminal defendant whose pre-trial motion for severance was denied must renew the motion before or at the close of the evidence at trial. In the present case, the record does not reflect that appellant renewed his motion for severance. Thus, appellant has not preserved this issue for his appeal.

SHEPARD, C.J., concurs.