Derrick L. SMOOTE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–9610–CR–00631.

Supreme Court of Indiana.

March 17, 1999.

Howard Howe, Indianapolis, IN, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Carol A. Nemeth, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Derrick Smoote was convicted of robbing a bank and of murdering an acquaintance. He argues that he should have been tried separately on the murder charge from the robbery charge. He also contests the admissibility of certain evidence and the sufficiency of the evidence supporting the murder conviction. Finding that he was not

entitled to severance of the charges and his other claims unavailing, we affirm.

We have jurisdiction over this direct appeal because the longest single sentence exceeds 50 years. Ind. Const. art. VII, § 4; Ind.Appellate Rule 4(A)(7).

### Background

On October 18, 1994, defendant and another man hatched a plan to rob a branch of the First America Bank. The next day, defendant borrowed a gold Buick Electra 224 from Robert Hartley, the murder victim in this case, and met his accomplice who was driving a blue station wagon. The two men drove to a residential area, parked the Buick, and drove to the bank together in the station wagon.

After committing the robbery, the men escaped in the station wagon which they subsequently abandoned in favor of the Buick. Later in the day, the police spotted the Buick, connected it with the robbery, and pursued in a high-speed chase. They were unable to apprehend defendant and his accomplice but were able to determine that Robert Hartley owned the Buick. He and his wife were brought in for questioning. Hartley did not finger defendant.

After leaving the police station, Hartley and his wife went to find defendant, apparently to obtain payment for the damage caused the Buick in the police chase. They did not find defendant and so returned home. Hartley left home alone shortly thereafter and was found dead from a shotgun blast later that evening.

Defendant was charged with Murder,[1] Conspiracy to Commit Robbery[2], a class B felony, Robbery,[3] a class B felony; and being a habitual offender.[4] During his jury trial,

defendant took the stand in his own defense. Under cross-examination, he admitted committing robbery and conspiracy to commit robbery but adamantly denied killing Hartley. Nevertheless, he was found guilty on all counts.

### I

Defendant contends that the trial court committed reversible error when it denied his motion to be tried separately on the robbery[5] and murder charges. Specifically, he maintains that under Ind.Code § 35–34–1–9(a) (1993), the State was not entitled to join the robbery and murder charges in the same information. That statute provides:

> Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses: (1) are of the same or similar character, even if not part of a single scheme or plan; or (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

We agree with defendant that the robbery and murder offenses here are not of sufficiently "similar character" to permit joinder under clause (1). And at least for purposes of analysis, we will assume that the offenses do not constitute "a single scheme or plan" so as to permit joinder under the second part of clause (2). However, we do find that the offenses are "based ... on a series of acts connected together," thereby permitting joinder under the second of the three tests in clause (2).[6]

The case of *Barajas v. State,* 627 N.E.2d 437 (Ind.1994), is instructive. In that case, the defendant sought severance of a murder charge from drug dealing charges. The de-

1. Ind.Code § 35–42–1–1 (1993).

2. Ind.Code §§ 35–41–5–2 & 35–42–5–1 (1993).

3. Ind.Code § 35–42–5–1 (1993).

4. Ind.Code § 35–50–2–8 (1994).

5. For purposes of this discussion, references to the "robbery charge" include both the Robbery and Conspiracy to Commit Robbery counts.

6. Even where the State in entitled to join offenses under Ind.Code § 35–34–1–9(a), a defen-

dant may be entitled to severance under the provisions of Ind.Code § 35–34–1–11(a). The interaction of these two Code subsections is explained in cases like *Ben–Yisrayl v. State,* 690 N.E.2d 1141, 1145 (Ind.1997); *Barajas v. State,* 627 N.E.2d 437, 438 (Ind.1994); *Valentin v. State,* 567 N.E.2d 792, 794–95 (Ind.1991); and *Pardo v. State,* 585 N.E.2d 692, 693 (Ind.Ct.App. 1992). In this case, defendant advances no argument pursuant to Ind.Code § 35–34–1–11(a).

fendant was not engaged in drug dealing at the time of the murder. But we affirmed the trial court's denial of defendant's motion to sever because "the murder and the drug charges were intricately connected. The State's theory of the case was that the victim was murdered by [defendant] because he had not paid for drugs supplied by appellant." *Barajas*, 627 N.E.2d at 438.

Here we find the murder and robbery charges similarly connected. The State's theory here was that the defendant killed the victim in order to assure that the victim would not implicate him in the bank robbery. Given this connection, we see no abuse of the trial court's discretion in determining that the charges should not be severed.

## II

Defendant contends that the trial court committed reversible error in permitting a ballistics expert to demonstrate to the jury how a shotgun would be loaded and prepared for firing. The shotgun used in the murder was never recovered by the police and no connection was made between the shotgun used in the demonstration and either defendant or the victim. As such, defendant argues that there was no relevance to the shotgun demonstration. And even if marginally relevant, defendant contends, the probative value of the demonstration was substantially outweighed by the danger of unfair prejudice or misleading the jury.

■ Defendant is correct in maintaining that Ind. Evidence Rule 402 requires evidence to be relevant and that Ind. Evid. R. 403 permits the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury. But the trial court enjoys a fair degree of discretion in determining the admissibility of evidence under these rules. *Roche v. State*, 690 N.E.2d 1115, 1134 (Ind.1997); *Stahl v. State*, 686 N.E.2d 89, 91 (Ind.1997).

■ At trial, the State made clear that it was not asserting that the shotgun was the one used in the murder or that it belonged or was in any way connected with defendant. While we think that the demonstration was,

at best, of marginal relevance and marginal probative value, it was undisputed that the victim was killed by a shotgun blast. A demonstration of how such a weapon works might have been of some benefit to the jury in understanding the details of the killing. In any event, we do not see how the demonstration prejudiced the defendant or misled the jury. While the trial court would have been well within its discretion to exclude the demonstration, we also believe that it was within its discretion to admit it. *See Turner v. State*, 506 N.E.2d 827, 829 (Ind.1987); *Carter v. State*, 505 N.E.2d 798, 800 (Ind. 1987) (both finding the admission of demonstrative evidence to have been within the trial court's discretion).

## III

Defendant maintains that there was insufficient evidence to sustain his conviction for murder. He argues that the evidence was consistent with the victim having been killed in the course of a random robbery: the victim's body was found in a walkway under an interstate highway between two residential neighborhoods, with his empty wallet lying next to him. He points out that no shotgun was recovered and no one saw him in the vicinity of the shooting. And while he admitted the bank robbery on the stand, he testified as to his innocence of murder. All this, he maintains, establishes reasonable doubt as to his guilt.

■ In reviewing challenge to the sufficiency of the evidence supporting a conviction, we do not reweigh the evidence or assess the credibility of witnesses. If the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt, the judgment will not be set aside. *Haak v. State*, 695 N.E.2d 944, 952–53 (Ind.1998); *Wooden v. State*, 657 N.E.2d 109, 111 (Ind. 1995). In particular, it is well settled that a conviction for murder may be sustained on circumstantial evidence alone. *Taylor v. State*, 676 N.E.2d 1044, 1047 (Ind.1997); *Green v. State*, 587 N.E.2d 1314, 1315 (Ind. 1992). If a reasonable inference can be drawn from the circumstantial evidence, the

verdict will not be disturbed. *Taylor*, 676 N.E.2d at 1047.

The State's evidence showed that the defendant used the victim's automobile in the bank robbery; that after the robbery, the victim was interrogated by the police; that after the interrogation, the victim and his wife went to the defendant's home looking for (but not finding) him; that later the defendant telephoned the victim's wife and asked her to have the victim meet him; that after the victim's body was found, the victim's wife telephoned defendant and told him she knew he had robbed the bank and killed her husband; that on the following day, defendant left a threatening message on her answering machine. There was also evidence that defendant told an acquaintance that he had robbed a bank and shot somebody because "he got in the way." We find that the foregoing facts establish a motive for defendant to have killed the victim and additional circumstances sufficient to permit a jury to conclude beyond a reasonable doubt that defendant knowingly or intentionally killed the victim.

### Conclusion

We affirm the trial court's judgment.

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur.