## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 04 2015, 9:33 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Glenn Beard,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 4, 2015

Court of Appeals Case No.
49A05-1312-CR-618

Appeal from the Marion Superior Court; The Honorable Lisa Borges, Judge;
49G04-1208-MR-54852

**May, Judge.**

[1] Glenn Beard appeals his conviction of murder, a felony.[1] He raises three issues, which we restate as whether the evidence was sufficient, whether Beard was prejudiced by the court's final instructions to the jury, and whether the court erred by not admitting evidence. We affirm.

## Facts and Procedural History

[2] The facts most favorable to the conviction are that Beard raised his nephew, J.W., as his own son. On August 4, 2012, Beard, fourteen-year-old J.W., and J.W.'s friend I.D. were approached by J.T. and his friends on Beard's property. J.T. and his friends tried to rob J.W. and I.D. Beard told J.T. and his friends to leave his property.

[3] The following day, J.T. returned and tried to rob Beard's brother, Richard. Beard again told J.T. to leave. J.T. swung at Beard, and Beard punched J.T. Beard told Richard to leave, and Beard returned inside. J.T. chased Richard's car while holding a piece of brick. Beard then went outside with a gun in his hand. Immediately thereafter, J.W. heard two shots fired. Beard came back inside and told J.W. he was leaving but J.W. could not come with him.

[4] J.T.'s mother and friend also heard the shots and ran toward the alley. When the police arrived, J.T. was found near the alley with two gunshot wounds. Officer Aaron Sparks testified J.T. was responsive at first. Officer Sparks

[1] Ind. Code § 35-42-1-1 (2012).

overheard J.W. on the phone say his dad "just fucking killed this guy." (Tr. at 184.) J.T. died from his injuries.

[5] Three days after the shooting, Beard turned himself in. Beard stated he had not come forward earlier because he was innocent and he did not want to die of his cancer while in prison awaiting the outcome of a trial. Beard gave a statement to the police, but it differed in many respects from other witnesses' accounts.

[6] The State charged Beard with murder and Class B felony possession of a firearm by a serious violent felon.[2] A jury found Beard guilty of murder, and the trial court found him guilty of possession of a firearm by a serious violent felon. The court sentenced Beard to fifty-five years for murder to be served concurrent with ten years for possession of a firearm by a serious violent felon.

## Discussion and Decision

### 1. Sufficiency of Evidence

[7] Beard challenges only his conviction of murder.

> When reviewing the sufficiency of the evidence to support a
> conviction, appellate courts must consider only the probative evidence
> and reasonable inferences *supporting* the verdict. It is the fact-finder's
> role, not that of appellate courts, to assess witness credibility and
> weigh the evidence to determine whether it is sufficient to support a
> conviction. To preserve this structure, when appellate courts are
> confronted with conflicting evidence, they must consider it most

---

[2] Ind. Code § 35-47-4-5 (2012).

favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (quotations, citation, and footnote omitted) (emphasis in original).

Beard asserts there was insufficient evidence to support the jury's verdict because all the evidence was circumstantial. "[A] conviction for murder may be sustained on circumstantial evidence alone. If a reasonable inference can be drawn from the circumstantial evidence, the verdict will not be disturbed." *Smoote v. State,* 708 N.E.2d 1, 3-4 (Ind. 1999) (internal citations omitted). However, the court must proceed with care and protect "the liberty of many innocent persons [who] would be placed in jeopardy." *Martin v. State*, 300 N.E.2d 128, 131 (Ind. Ct. App. 1973).

> It is simply not enough that the defendant's actions are "fishy." It is not enough that the defendant was found at the scene of the burglary. It is not enough that the evidence suggests that the defendant more than likely committed the crime. The evidence must show that the defendant is guilty beyond a reasonable doubt.

*Brink v. State,* 837 N.E.2d 192, 196 (Ind. Ct. App. 2005), *trans. denied*.

> Triers of fact determine not only the facts presented to them and their credibility, but any reasonable inferences from facts established either by direct or circumstantial evidence. It is not necessary that the court find the circumstantial evidence excludes every reasonable hypothesis of innocence. It need only be demonstrated that inferences may reasonably be drawn which support the finding of guilt.

*Thompson v. State,* 804 N.E.2d 1146, 1150 (Ind. 2004) (quoting *Metzler v. State,* 540 N.E.2d 606, 610 (Ind. 1989)).

While mere presence does not prove guilt, presence in conjunction "with other circumstances tending to show participation, such as companionship with the one engaged in the crime, and the course of conduct of the defendant before, during, and after the offense, may raise a reasonable inference of guilt." *Brink*, 837 N.E. at 194. Additionally, while flight may not be proof of guilt, the "totality of the circumstances including the method of flight employed and how it relates to the crime" may be enough to raise a reasonable inference of guilt. *Id.* at 196.

Beard was present in the vicinity of the crime, he had motive to shoot J.T., he carried a gun outside, two shots were fired, and he fled from the scene. Although no one saw Beard shoot J.T. and police did not recover a gun, it was reasonable for the jury to infer Beard shot J.T. *See*, *e.g.*, *Smoote*, 708 N.E.2d at 3-4 (holding circumstantial evidence was sufficient to prove defendant shot victim). As such, there is sufficient evidence to permit Beard's conviction.

### 2. Final Instructions

Beard argues the trial court should have instructed the jury to require proof so conclusive and sure that it excluded every reasonable theory of innocence.

> The purpose of jury instructions is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict. In reviewing a trial court's decision to give a tendered jury

instruction, we consider (1) whether the instruction correctly states the law, (2) is supported by the evidence in the record, and (3) is not covered in substance by other instructions. The trial court has discretion in instructing the jury, and we will reverse only when the instructions amount to an abuse of discretion. To constitute an abuse of discretion, the instructions given must be erroneous, and the instructions taken as a whole must misstate the law or otherwise mislead the jury. We will consider jury instructions as a whole and in reference to each other, not in isolation.

*Munford v. State*, 923 N.E.2d 11, 14 (Ind. Ct. App. 2010). "The preferred practice is to use the pattern jury instructions." *Gravens v. State,* 836 N.E.2d 490, 493 (Ind. Ct. App. 2005), *trans. denied.* A defendant is entitled to reversal only if he affirmatively demonstrates an instructional error "prejudiced his substantial rights." *Hero v. State,* 765 N.E.2d 599, 602 (Ind. Ct. App. 2002), *trans. denied.*

Beard wanted the jury to be instructed:

> Direct evidence means evidence that directly proves a fact, and that, if true, conclusively establishes that fact.
>
> Circumstantial evidence means evidence that proves a fact from which you may conclude the existence of (an) other fact(s).
>
> It is not necessary that facts be proved by direct evidence. Both direct evidence and circumstantial evidence are acceptable as a means of proof. A conviction may be based solely on circumstantial evidence. Where proof of guilt is by circumstantial evidence only, it must be so conclusive and point so convincingly to the guilt of the accused that the evidence excludes every reasonable hypothesis of innocence.

(Supp. App. at 1.) Beard contends this instruction points the jury towards a presumption of innocence.

[18] The court rejected Beard's proposed instruction, choosing instead to read the following two pattern jury instructions:

> The parties in this case may prove a fact by one of two types of evidence--direct evidence or circumstantial evidence.
>
> Direct evidence is direct proof of a fact. Circumstantial evidence is indirect proof of a fact.
>
> For example, direct evidence that an animal ran in the snow might be the testimony of someone who actually saw the animal run in the snow. On the other hand, circumstantial evidence that an animal ran in the snow might be the testimony of someone who only saw the animal's tracks in the snow.
>
> It is not necessary that any fact be proved by direct evidence. You may consider both direct evidence and circumstantial evidence as proof.

[19] (App. at 143.)

> If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt.

[20] (*Id*. at 141.)

[21] Jury instructions are to be taken as a whole and not piecemeal. *Munford,* 923 N.E.2d at 14. The court's two pattern jury instructions covered the language Beard wanted and therefore did not prejudice Beard. *See id.* at 16 (use of multiple instructions to make a particular point together with notification that all instructions are to be considered as a whole is acceptable). We therefore cannot reverse his conviction on this ground.

### 3. *Admission of Evidence*

[22] "Typically rulings on admitting or excluding evidence are reviewed for an abuse of discretion." *Hirsch v. State,* 697 N.E.2d 37, 40 (Ind. 1998). However, when the exclusion of evidence had no likely impact on the jury's decision, in light of all the other evidence in the case, any error is harmless. *Allen v. State,* 787 N.E.2d 473, 479 (Ind. Ct. App. 2003), *trans. denied.*

[23] On the night of the crime, before J.W. gave his official statement to police, Officer Sparks allegedly threatened J.W. with legal trouble if he did not help the police with the investigation. Beard wanted those statements by Officer Sparks admitted into evidence to impeach the validity of J.W.'s statement that Beard killed J.T. We need not review whether the court erred by excluding evidence that may have impeached J.W.'s statement at the City-County Building on the night of the crime as J.W. confirmed the validity of the damning portions of that statement while on the stand.

[24] Moreover, the important part of J.W.'s testimony was not the evidence about J.W.'s allegedly coerced statement at the City-County Building on the night of the crime, but rather was what Officer Sparks overheard J.W. say on the phone at the scene of the crime. J.W. testified he told someone on the phone: "Dad just fucking killed a dude." (Tr. at 132.) Officer Sparks stated he overheard J.W. state, on the phone, "his dad just fucking killed this guy." (*Id.* at 184.) The accumulation of the other evidence presented at trial lead us to believe any error to excluding possible evidence to impeach the validity of J.W.'s statement would have had no likely impact on the jury's decision, in light of all the other

evidence in the case. *See Allen*, 787 N.E.2d at 479. Thus, Beard cannot prove prejudice from the exclusion of statements by Officer Sparks to J.W. on the night of the murder. *See, e.g., Meadows v. State,* 785 N.E.2d 1112, 1122 (Ind. Ct. App. 2003) (error harmless when independent evidence supports conviction), *trans. denied.*

## Conclusion

There was sufficient evidence to permit the jury to infer guilt. Beard cannot demonstrate prejudice from the jury instructions or from the trial court's exclusion of testimony about a statement by Officer Sparks. Accordingly, we affirm.

Affirmed.

Vaidik, C.J., and Friedlander, J., concur.