## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 15 2016, 8:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nathaniel W. Dickey,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 15, 2016<br><br>Court of Appeals Cause No.<br>02A04-1602-CR-274<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Wendy W. Davis, Judge<br><br>Trial Court Cause No.<br>02D05-1505-F6-440 |

**Barnes, Judge.**

# Case Summary

Nathaniel Dickey appeals his convictions for Level 6 felony battery and Level 5 felony battery. We affirm in part, reverse in part, and remand.

# Issues

Dickey raises two issues, which we restate as:

> I. whether the trial court properly excluded evidence of the victim's health conditions; and
>
> II. whether the evidence is sufficient to sustain Dickey's convictions.

# Facts

Dickey was in a relationship with Robin Handley. On the evening of April 18, 2015, Dickey was at Handley's house, and they were drinking, listening to music, and visiting with Handley's family. After Handley's brother left, Handley told Dickey that he needed to leave because she had to get up early for an appointment. Dickey knocked Handley to the floor, and he repeatedly punched her face and kicked her. Handley kicked Dickey in the groin to stop him from hitting her. Handley's daughter called 911, and Dickey was arrested. Handley required stitches in her mouth. She also sustained severe injuries to her eye, and as of the December 2015 trial, her vision was still affected.

The State charged Dickey with Level 6 felony battery resulting in moderate bodily injury, Level 6 felony strangulation, and later added a charge of Level 5 felony battery resulting in serious bodily injury. On cross-examination of

Handley, Dickey's counsel questioned her regarding her health history. Handley testified that she did not have "any issues" with her liver, that she did not have "HIV disease," but that she had pancreatitis and elevated liver enzymes. Tr. p. 176. She also admitted that her alcohol level was almost lethal at the time of the battery. On re-cross-examination, Dickey's counsel asked Handley if she had hepatitis C. The State objected on relevancy grounds, and Dickey argued that the evidence would show that Handley's wounds were aggravated by a pre-existing condition. The trial court sustained the State's objection.

[5] Handley's ophthalmologist also testified at the trial. He testified that he evaluated Handley at the hospital after the incident. Her cornea was inflamed, her retina was swollen, there was a hemorrhage in the back part of her eye, there were tears in her pupil, and her vision was significantly decreased. At the time of trial, Handley still had some vision loss. On cross-examination, Dickey asked the ophthalmologist if alcohol or liver disease could be a factor in bleeding of the eye. The ophthalmologist testified that liver disease would not cause spontaneous bleeding, but severe liver disease could cause "more coagulation problems." Tr. p. 202. The trial court would not allow Dickey to question the ophthalmologist regarding whether Handley had a liver condition.

[6] The jury found Dickey guilty of Level 6 felony battery and Level 5 felony battery but not guilty of strangulation. The trial court sentenced him to five years in the Department of Correction for the Level 5 felony conviction and

"merged" the Level 6 felony conviction.  Sentencing Tr. p. 13.  Dickey now appeals.

# Analysis

## *I. Exclusion of Evidence*

Dickey first argues that the trial court abused its discretion by excluding evidence of Handley's health conditions.  We afford the trial court wide discretion in ruling on the admissibility and relevancy of evidence.  *Nicholson v. State*, 963 N.E.2d 1096, 1099 (Ind. 2012).  We review evidentiary decisions for an abuse of discretion and reverse only when the decision is clearly against the logic and effect of the facts and circumstances.  *Id.*  Indiana Evidence Rule 402 requires evidence to be relevant, and Indiana Evidence Rule 403 permits the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury.  *Smoote v. State*, 708 N.E.2d 1, 3 (Ind. 1999).  "A claim of error in the exclusion or admission of evidence will not prevail on appeal unless the error affects the substantial rights of the moving party."  *Nicholson*, 963 N.E.2d at 1099.

Dickey sought to admit evidence of Handley's alleged pre-existing liver disease and alleged hepatitis C infection.  There is a "long-standing rule of both criminal and tort law that a defendant takes his victim as he finds him."  *Bailey v. State*, 979 N.E.2d 133, 142 (Ind. 2012).  Dickey argued that the evidence was relevant to show that the "conditions might have exacerbated the victim's physical appearance."  Appellant's Br. p. 4.  Dickey also argues that the

evidence was relevant to his self-defense claims because "the reasonableness of his self-defense argument would have been more apparent." *Id.* at 5.

[9] Dickey admitted that "maybe [his] elbow or something had hit her in the face." Tr. p. 279. That Handley's alleged medical history may have predisposed her to bleed more does not make Dickey any less culpable for causing serious bodily injury when he hit Handley in the face. It also does not make his self-defense argument more credible. The evidence was not relevant, and Dickey's argument to the contrary fails.

[10] Even if it was relevant, Handley had already testified that she had pancreatitis, elevated liver enzymes, and an almost lethal alcohol level at the time of the incident. The ophthalmologist testified that liver disease would not cause spontaneous bleeding, but severe liver disease could cause "more coagulation problems." Tr. p. 202. The jury was already aware that Handley had significant health concerns, including elevated liver enzymes, and that severe liver disease could cause coagulation issues. Any error in the exclusion of Handley's alleged hepatitis C status would not have affected Dickey's substantial rights.

## II. *Sufficiency of the Evidence*

[11] Dickey also argues that the evidence is insufficient to sustain his conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence

supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

[12] Pursuant to Indiana Code Section 35-42-2-1, a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery. The offense is a Level 5 felony if it results in serious bodily injury to another person. Ind. Code § 35-42-2-1. "Serious bodily injury" is a "bodily injury that creates a substantial risk of death or that causes: (1) serious permanent disfigurement; (2) unconsciousness; (3) extreme pain; (4) permanent or protracted loss or impairment of the function of a bodily member or organ; or (5) loss of a fetus." I.C. § 35-31.5-2-292. Whether bodily injury is "serious" is a question of degree and is reserved for the finder of fact. *Sutton v. State*, 714 N.E.2d 694, 697 (Ind. Ct. App. 1999), *trans. denied*.

[13] Dickey seems to argue that the jury would not have found a serious bodily injury if it had been aware of Handley's pre-existing medical conditions. However, "a defendant takes his victim as he finds him [or her]." *Bailey*, 979 N.E.2d at 142. The issue is not whether Handley's pre-existing conditions made her injury more severe. Rather, the issue is whether Handley suffered a serious bodily injury as a result of the battery, regardless of her pre-existing conditions.

[14] The State presented evidence that Dickey hit Handley on the face and that her eye was swollen shut after the incident. Handley's ophthalmologist testified that Handley's cornea was inflamed, her retina was swollen, there was a hemorrhage in the back part of her eye, there were tears in her pupil, and her vision was significantly decreased. At the time of trial, Handley still had some vision loss. We conclude that the State presented sufficient evidence to show that Dickey knowingly or intentionally touched Handley in a rude, insolent, or angry manner, resulting in permanent or protracted loss or impairment of the function of her eye. The evidence is sufficient to sustain his conviction for Level 5 felony battery. *See, e.g., Sutton*, 714 N.E.2d at 696-97 (holding that the evidence was sufficient to sustain the defendant's conviction for battery with serious bodily injury where the victim had a protruding knot on the side of her head, a black eye, vision problems, and a constant, migraine-like headache for one to two weeks after the incident).

[15] We note that the trial court "merged" the Level 6 felony battery conviction with the Level 5 felony battery conviction. "[I]f the trial court does enter judgment of conviction on a jury's guilty verdict, then simply merging the offenses is insufficient and vacation of the offense is required." *Kovats v. State*, 982 N.E.2d 409, 414-15 (Ind. Ct. App. 2013). The State concedes that, if we uphold the Level 5 felony conviction, we should remand with instructions to vacate the Level 6 felony conviction. Accordingly, we reverse and remand with respect to the Level 6 felony battery conviction.

# Conclusion

[16] The trial court did not abuse its discretion by excluding evidence regarding Handley's alleged health conditions. The evidence is sufficient to sustain Dickey's Level 5 felony battery conviction, but we reverse and remand with instructions to vacate the Level 6 felony battery conviction. We affirm in part, reverse in part, and remand with instructions.

[17] Affirmed in part, reversed in part, and remanded.

Riley, J., and Bailey, J., concur.