## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 05 2018, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony J. Williams, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 5, 2018 <br><br> Court of Appeals Case No. <br> 34A02-1709-CR-2220 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable William C. Menges, Judge <br><br> Trial Court Cause No. <br> 34D01-1607-F2-683 |

**Najam, Judge.**

# Statement of the Case

Anthony J. Williams appeals his convictions for dealing in cocaine, as a Level 2 felony; possession of cocaine, as a Level 5 felony;[1] neglect of a dependent, as a Level 5 felony; and visiting a common nuisance, a Class B misdemeanor, following a jury trial. Williams raises the following three issues for our review:

1.    Whether the trial court abused its discretion when it admitted certain evidence over Williams' Indiana Evidence Rule 404(b) objection.

2.    Whether the trial court erred when it did not *sua sponte* admonish the jury that certain evidence should be considered in a particular manner.

3.    Whether the trial court abused its discretion when it did not permit Williams to introduce a prior inconsistent statement by a witness.

We also address the following issue:

4.    Whether the trial court erred when it entered judgment of conviction for possession of cocaine, as a Level 5 felony, and then "merged . . . the sentence" for that conviction with the sentence for another conviction.

---

[1] The trial court's judgment of conviction—and the State in its brief on appeal—erroneously refers to the level of this offense as a Level 2 felony. *See* Appellant's App. Vol. 2 at 106. The correct level of the offense as charged is a Level 5 felony. *Id.* at 15, 118.

[2] We affirm on the issues raised by Williams and, on the remaining issue, reverse and remand with instructions for the court to vacate Williams' conviction for possession of cocaine, as a Level 5 felony.

## Facts and Procedural History

[3] On July 11, 2016, officers with the Kokomo Police Department executed a search warrant at Williams' residence on East Broadway Street. In the living room, officers discovered marijuana and more than 15 grams of cocaine. Elsewhere in the house, officers discovered baggies, scales, and firearms. Six adults, including Williams, were inside the residence at the time, along with two juveniles, one of whom was Williams' son. Two of the adults each had more than $1,000 in cash on their person. One person, Douglas Franklin, was outside in a vehicle.

[4] In a bedroom where the officers had located Williams and other adults, officers discovered thirty individually wrapped baggies of cocaine and another baggie with "larger white chunks" of cocaine. Tr. at 76. The total weight of the cocaine found in that bedroom was 17.07 grams. The officers also discovered a handgun and $559 in that room. The officers did not discover "any drug paraphernalia" other than baggies and scales inside the residence, which indicated to the officers that the residence belonged to a "drug dealer" and not "users." *Id.* at 146.

[5] The State charged Williams with multiple offenses. At his ensuing jury trial, Williams' attorney argued in his opening statement that the State would not be

able to prove that Williams, rather than one of the other adults in the residence at the time of his arrest, either intentionally or knowingly possessed the cocaine inside the residence or intended to deal that cocaine. Later, the State called Franklin as a witness. Over Williams' objections, Franklin testified as follows:

Q . . . [D]id you do some work for Mr. Williams?

A Yes, several times.

Q And what kind of work did you do?

A Worked on his yellow Dodge truck, mechanical work.

\* \* \*

Q How did he pay you?

A Sometimes cash, sometimes in drugs.

\* \* \*

Q OK. And what drugs were you using?

A Cocaine.

\* \* \*

Q . . . During that thirty day period before July 11th . . . did you have occasion to be at Anthony Williams' house?

A      Yes.

* * *

Q      And on the times that you were there, did you purchase cocaine?

A      Sometimes.

Q      And the times that you did purchase it, who did you get it from?

A      From Anthony.

* * *

Q      Did you purchase small quantities or large quantities?

A      Mostly small; personal use.

* * *

Q      . . . Now on this date of July 11th of 2016, what was your purpose in being at Anthony Williams' house?

A      To pick up his yellow Dodge truck to fix the driver's side rear window.

Q      Was the truck there when you arrived?

A      No, it was not.

Q      Did you go inside the house?

A      No, I did not.

Q      How long were you there before the police arrived?

A      Approximately five seconds.

*Id.* at 98-101.

On cross-examination, Williams' counsel engaged Franklin in the following colloquy regarding comments Franklin had made to officers shortly after his arrest at Williams' residence on July 11:

Q      And do you remember telling Officer Taylor that [Williams] didn't have any dope that day?

A      I said I didn't know if he had any dope that day. I had not talked to him about dope that day. I talked to him about his vehicle.

Q      Do you recall giving a statement?

A       Yes, I do.

* * *

Q      Do you recall telling the officers that you haven't used cocaine . . . for two months because of [a] liver problem?

A      Yeah, at one time; yes.

*  *  *

> Q      So you do recall that you said you hadn't used cocaine for two months preceding July 11th?
>
> *  *  *
>
> A      That answer was given.  I wasn't talking to anybody at that time.  April, not around the date of the arrest.  I was explaining . . . to him how I'd had liver problems and I did quit for two months.

*Id.* at 105-08.

[7]  Following that colloquy, Williams' counsel moved to have a recording from the investigating officers admitted into the record.  According to Williams' counsel, that recording would show that, shortly after his July 11 arrest, Franklin stated to officers that Williams had no drugs that day and that Franklin had not used cocaine for the past two months because of liver problems.  The trial court denied the request but permitted Williams to make an offer of proof with the recording.

[8]  At the close of the trial, the jury found Williams guilty of dealing in cocaine, as a Level 2 felony; possession of cocaine, as a Level 5 felony; neglect of a dependent, as a Level 5 felony; and visiting a common nuisance, a Class B misdemeanor.  The court entered its judgment of conviction on each of the guilty verdicts.  Thereafter, the court sentenced Williams.  In its written sentencing order, the court stated that "[t]he sentence on Count 2[, the Level 5

possession conviction,] is merged with the sentence on Count 1." Appellant's App. Vol. 2 at 118. This appeal ensued.

# Discussion and Decision

## *Issue One: Admission of 404(b) Evidence*

On appeal, Williams first contends that the trial court erred when it permitted Franklin to testify to prior cocaine dealings with Williams. The trial court has "inherent discretionary power on the admission of evidence, and its decisions are reviewed only for an abuse of that discretion." *McManus v. State*, 814 N.E.2d 253, 264 (Ind. 2004) (internal quotation marks omitted). An abuse of discretion occurs when the trial court's judgment "is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights." *Guilmette v. State*, 14 N.E.3d 38, 40 (Ind. 2014).

Williams asserts that Franklin's testimony should have been excluded under Indiana Evidence Rule 404(b). According to that Rule, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Ind. Evidence Rule 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Evid. R. 404(b)(2). Further, if the evidence is admissible under Rule 404(b), it may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Evid. R. 403.

[11] According to Williams, Franklin's testimony only went "to prove a continuous pattern of drug dealing . . . ." Appellant's Br. at 9. We cannot agree. As our Supreme Court has explained, "[t]he intent exception in Evid. R. 404(b) will be available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent." *Wickizer v. State*, 626 N.E.2d 795, 799 (Ind. 1993). The defendant may place his intent at issue for purposes of applying Rule 404(b) during his "opening statement." *Id.*

[12] That is what happened here. In his opening statement to the jury, Williams argued that the State would not be able to show that it was Williams, rather than another adult at the residence on July 11, who intentionally or knowingly possessed and who intended to deal the cocaine found within the residence. Thus, Williams opened the door to allow the State to ask Franklin about prior acts that would demonstrate Williams' intent and knowledge, which the State did.

[13] Still, Williams asserts that the probative value of Franklin's testimony was substantially outweighed by the danger of unfair prejudice. In a recent opinion, the Indiana Supreme Court explained the trial court's broad discretion to apply Rule 403:

> "Trial judges are called trial judges for a reason. The reason is that they conduct trials. Admitting or excluding evidence is what they do." *United States v. Hall*, 858 F.3d 254, 288 (4th Cir. 2017) (Wilkinson, J., dissenting). That's why trial judges have discretion in making evidentiary decisions. This discretion means that, in many cases, trial judges have options. They can

admit or exclude evidence, and we won't meddle with that decision on appeal. *See Smoote v. State*, 708 N.E.2d 1, 3 (Ind. 1999). There are good reasons for this. "Our instincts are less practiced than those of the trial bench and our sense for the rhythms of a trial less sure." *Hall*, 858 F.3d at 289. And trial courts are far better at weighing evidence and assessing witness credibility. *Carpenter v. State*, 18 N.E.3d 998, 1001 (Ind. 2014). In sum, our vantage point—in a "far corner of the upper deck"— does not provide as clear a view. *State v. Keck*, 4 N.E.3d 1180, 1185 (Ind. 2014).

* * *

The unfair prejudice from [the challenged evidence] . . . was not so high that it overrode the trial court's wide discretion. *See Dunlap[ v. State]*, 761 N.E.2d [837, 842 (Ind. 2002)]. We thus decline to second-guess the trial court's determination that the [evidence's] relevance . . . was not substantially outweighed by the danger of unfair prejudice. The trial court could have admitted or excluded the [evidence]. The trial court chose admission. . . .

*Snow v. State*, 77 N.E.3d 173, 177, 179 (Ind. 2017).

[14] Contrary to Williams' assertions on appeal, Franklin's testimony was relevant to show that Williams intentionally or knowingly possessed the cocaine and intended to deal the cocaine. Moreover, any danger of unfair prejudice from that relevant evidence did not override the trial court's discretion to admit or exclude it under Rule 403. *See id.* Accordingly, the trial court acted within its discretion when it permitted Franklin's testimony, and we will not second-guess the court's exercise of that discretion.

### Issue Two: Admonishment

Williams next asserts that the trial court should have *sua sponte* admonished the jury that Franklin's testimony was being offered for a limited purpose—namely, Williams' intent and knowledge—to minimize the danger of unfair prejudice from that testimony. Williams recognizes that his argument is not supported by a rule or our case law. Indeed, contrary to Williams' argument, our case law has long required the parties to request an admonishment from the court if the parties think such an admonishment might be appropriate. *E.g.*, *Humphrey v. State*, 680 N.E.2d 836, 839-40 (Ind. 1997). We reject Williams' argument on this issue.

### Issue Three: Prior Inconsistent Statement

Williams also asserts that the trial court abused its discretion when it did not permit him to impeach Franklin with a prior inconsistent statement. According to Williams, Franklin's testimony that he had told an officer that he "didn't know if [Williams] had any dope that day" is inconsistent with Franklin's statements to officers shortly after his arrest.[2] Tr. at 105.

Williams is correct that Franklin's testimony that he did not know if Williams had any cocaine on July 11 is inconsistent with the prior recorded statement. In that statement, Franklin said that Williams "told me he didn't have no drugs"

---

[2] On appeal, Williams does not challenge Franklin's testimony about having quit cocaine for two months due to liver problems.

when Franklin went to Williams' residence on July 11 to work on Williams' truck. Def.'s Ex. A at 2:53 to 2:57.

[18] Nonetheless, we cannot say that any error in the trial court's decision to exclude the prior statement was reversible error. Rather, we agree with the State that "the potential impeachment evidence . . . against Franklin was insignificant." Appellee's Br. at 28. Franklin's specific recollection of statements made by Williams shortly before Williams was found in a room with more than 17 grams of cocaine distributed in various baggies, with another 15 grams found elsewhere in the residence along with scales, firearms, and a large amount of cash, simply did not matter. As such, the error, if any, in the trial court's decision to exclude the prior inconsistent statement was harmless.

### Issue Four: Merger of Convictions

[19] Finally, we consider whether the trial court erred when it entered Williams' convictions. In its judgment of conviction, the court entered judgment against Williams both for Count 1, dealing in cocaine as a Level 2 felony, and for Count 2, possession of cocaine as a Level 5 felony. Likewise, in its amended sentencing order, the court recognized that it had entered its judgment of conviction against Williams on both of those counts. However, the court then stated that "[t]he sentence on Count 2 is merged with the sentence on Count 1." Appellant's App. Vol. 2 at 118.

[20] Such language is not sufficient to protect the defendant from double jeopardy. As we have explained:

> If a trial court does not formally enter a judgment of conviction on a [finding] of guilty, then there is no requirement that the trial court vacate the "conviction," and merger is appropriate. *Townsend v. State*, 860 N.E.2d 1268, 1270 (Ind. Ct. App. 2007) (quoting *Green v. State*, 856 N.E.2d 703, 704 (Ind. 2006)). However, if the trial court does enter judgment of conviction on a [guilty finding], then simply merging the offenses is insufficient and vacation of the offense is required. *See id.*; *Green*, 856 N.E.2d at 704; *Gregory v. State*, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008) (where trial court entered judgments of conviction on jury's verdicts of guilty for dealing and conspiracy, then later merged the convictions for double jeopardy reasons, such merging without also vacating the conspiracy conviction was insufficient to cure the double jeopardy violation).

*Kovats v. State*, 982 N.E.2d 409, 414-15 (Ind. Ct. App. 2013).

[21] For the same reasons, we conclude that the language used in the trial court's judgment here was insufficient, and we remand with instructions for the court to vacate Williams' conviction under Count 2 for possession of cocaine, as a Level 5 felony.

## *Conclusion*

[22] In sum, we affirm the trial court on the issues raised by Williams on appeal. However, we reverse the trial court's "merger" of Williams' sentences under Count 1 and Count 2, and we remand with instructions for the trial court to vacate Williams' conviction under Count 2.

[23] Affirmed in part, reversed in part, and remanded with instructions.

Robb, J., and Altice, J., concur.