## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 11 2018, 9:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Law Office of Christopher G. Walter, P.C.
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Raquan Charles McKinstry,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 11, 2018

Court of Appeals Case No.
50A03-1711-CR-2689

Appeal from the Marshall Superior Court

The Honorable Robert O. Bowen, Judge

Trial Court Cause No.
50D01-1603-F3-8

**Najam, Judge.**

# Statement of the Case

Raquan Charles McKinstry appeals his conviction for armed robbery, as a Level 3 felony, and the trial court's imposition of the advisory sentence for that conviction. McKinstry raises the following two issues for our review:

> 1. Whether the trial court abused its discretion when it admitted into evidence a photograph of McKinstry.

> 2. Whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

# Facts and Procedural History

In February of 2016, E.Z., a minor, was looking to buy an iPhone. E.Z.'s cousin, A.H., knew McKinstry, and A.H. and McKinstry arranged to have McKinstry sell his iPhone to E.Z. Prior to that meeting, A.H. showed E.Z. some photographs of McKinstry from McKinstry's Facebook page. In one of the photographs, McKinstry was displaying what is commonly known as the "double bird." Appellant's Br. at 9; *see* State's Ex. 15. Standing next to McKinstry in the photograph were two unidentified black males. One of those males was pointing downward in the photograph; the other was holding a bottle in one hand and making a gesture with his other hand in which he appears to be holding his middle finger down with his thumb while his other fingers are extended outward.

[4] E.Z.'s friend J.C. drove E.Z. and A.H. to meet McKinstry in a Sears parking lot in Plymouth after hours. E.Z. exited J.C.'s vehicle and approached McKinstry, who sat in the back seat of a different vehicle. A black female sat in the driver's seat of that vehicle, and a black male sat in the front passenger seat. Thereafter, the male in the front passenger seat pulled out a firearm, pointed it at E.Z., and demanded E.Z.'s money, which E.Z. surrendered to McKinstry. McKinstry and the other two then left. E.Z. and A.H. each later identified McKinstry to investigating officers.

[5] On March 3, the State charged McKinstry with armed robbery, as a Level 3 felony. At his ensuing jury trial, E.Z. and A.H. testified against McKinstry. During E.Z.'s testimony, the State sought to introduce McKinstry's Facebook photographs that E.Z. had seen prior to the robbery. McKinstry objected to the admission of the photograph that showed McKinstry with the other two males on the grounds that the other two males "appear to be throwing down . . . gang signs." Tr. at 30. The trial court overruled the objection and permitted the admission of the photograph. The jury then found McKinstry guilty as charged, and the trial court sentenced him to the advisory sentence of nine years executed. This appeal ensued.

## Discussion and Decision

### *Issue One: Admission of Photograph*

[6] On appeal, McKinstry first asserts that the trial court abused its discretion when it admitted the photograph of McKinstry standing with the two other males.

The trial court has "inherent discretionary power on the admission of evidence, and its decisions are reviewed only for an abuse of that discretion." *McManus v. State*, 814 N.E.2d 253, 264 (Ind. 2004) (internal quotation marks omitted). An abuse of discretion occurs when the trial court's judgment "is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights." *Guilmette v. State*, 14 N.E.3d 38, 40 (Ind. 2014).

[7] According to McKinstry, the trial court erred when it found that the probative value of the photograph was not substantially outweighed by the danger of unfair prejudice to McKinstry. Indiana Evidence Rule 403 states that a trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." The Indiana Supreme Court has explained the trial court's broad discretion to apply Rule 403:

> "Trial judges are called trial judges for a reason. The reason is that they conduct trials. Admitting or excluding evidence is what they do." *United States v. Hall*, 858 F.3d 254, 288 (4th Cir. 2017) (Wilkinson, J., dissenting). That's why trial judges have discretion in making evidentiary decisions. This discretion means that, in many cases, trial judges have options. They can admit or exclude evidence, and we won't meddle with that decision on appeal. *See Smoote v. State*, 708 N.E.2d 1, 3 (Ind. 1999). There are good reasons for this. "Our instincts are less practiced than those of the trial bench and our sense for the rhythms of a trial less sure." *Hall*, 858 F.3d at 289. And trial courts are far better at weighing evidence and assessing witness credibility. *Carpenter v. State*, 18 N.E.3d 998, 1001 (Ind. 2014). In sum, our vantage point—in a "far corner of the upper deck"— does not provide as clear a view. *State v. Keck*, 4 N.E.3d 1180, 1185 (Ind. 2014).

\* \* \*

> The unfair prejudice from [the challenged evidence] . . . was not so high that it overrode the trial court's wide discretion. *See Dunlap[ v. State]*, 761 N.E.2d [837, 842 (Ind. 2002)]. We thus decline to second-guess the trial court's determination that the [evidence's] relevance . . . was not substantially outweighed by the danger of unfair prejudice. The trial court could have admitted or excluded the [evidence]. The trial court chose admission. . . .

*Snow v. State*, 77 N.E.3d 173, 177, 179 (Ind. 2017).

[8] Contrary to McKinstry's assertion on appeal, any danger of unfair prejudice from the relevant photograph[1] was not so high that it overrode the trial court's discretion under Rule 403. *See id.* Indeed, McKinstry's argument on this issue is premised on his own speculation that the hand gestures of the other two males "could be interpreted as gang signs." Appellant's Br. at 9. But there is no evidence to support that speculation, and the jury could just as well have surmised that the photograph demonstrated three goofball teenagers. Accordingly, the trial court acted within its discretion when it admitted the photograph, and we will not second-guess the court's exercise of that discretion. We affirm the trial court's admission of the photograph and McKinstry's conviction.

---

[1] McKinstry does not dispute that the photograph was relevant.

### Issue Two: Inappropriateness of Sentence

[9] We thus turn to McKinstry's challenge to his sentence. As we have explained:

> Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

*Robinson v. State*, 61 N.E.3d 1226, 1228 (Ind. Ct. App. 2016).

[10] Here, the trial court identified the following aggravating factors when it imposed its sentence: McKinstry had not successfully completed probation in the past; he violated the conditions of probation within one year; and the instant offense was a crime of violence. The court identified the following mitigating factors: McKinstry "did not point the weapon at the victim," and he was seventeen years of age at the time of the offense. Appellant's App. Vol. II at 176. Although the court did not expressly state that the aggravators and mitigators were in equipoise, the court apparently found as much as it then imposed the advisory term of nine years executed. *See* Ind. Code § 35-50-2-5(b) (2017).

[11]  McKinstry asserts that his sentence is inappropriate in light of the nature of the offense because the armed robbery "could have ended with much worse consequences than it otherwise did," because McKinstry was not the one who pointed the firearm, and because the jury was instructed on a lesser-included Class A misdemeanor offense, which carries a maximum term of one-year imprisonment. Appellant's Br. at 13. And McKinstry asserts that his sentence is inappropriate in light of his character because he was seventeen at the time of the offense, because his only prior criminal history is two juvenile adjudications for nonviolent possession of marijuana, because he has the emotional support of his family, and because he "gave a heartfelt statement at sentencing admitting to culpability." *Id.* at 12.

[12]  We cannot say that the advisory sentence, which is the starting point for the imposition of a criminal sentence, is inappropriate here. *See, e.g., Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). Regarding the nature of the offense, McKinstry arranged the fictitious sale of the iPhone and otherwise participated in the robbery whether he actually held the firearm or not. McKinstry was not merely present at the scene of the crime but an integral part of it and took the money from the victim. Regarding his character, we will not disregard his two prior juvenile adjudications for possession of marijuana. While nonviolent, McKinstry was released to probation for each of his prior offenses. He failed his first probationary term when he committed his second possession offense, and he failed his second probationary term when he committed the instant offense. This reflects poorly on McKinstry's character.

Further, we are not persuaded that McKinstry's age, the support of his family, or his statements at sentencing are significant. We cannot say that the advisory sentence of nine years executed is inappropriate, and we affirm McKinstry's sentence.

[13] Affirmed.

Robb, J., and Altice, J., concur.